UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO PADILLA,<br><br>            Plaintiff,<br><br>    v.<br><br>MENDOZA-POWERS, et. al.,<br><br>            Defendants. | CV F- 06-0734 LJO DLB P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST BE GRANTED<br><br>(Doc. 16) |

I.    Procedural History

Plaintiff Mario Padilla ("plaintiff") is a state prisoner at Avenal State Prison, proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on plaintiff's complaint concerning the conditions of his confinement, filed June 12, 2006, against defendants Warden K. Mendoza-Powers and Secretary of the California Department of Corrections and Rehabilitation ("defendants") for relief for violation the Eighth Amendment. (Doc. 1).

On January 2, 2008, defendants filed a motion to dismiss on the grounds that plaintiff failed to exhaust, failed to state a claim, and cannot seek injunctive relief that is the subject of a pending class action.  (Doc. 16.)  Plaintiff filed an opposition on February 8, 2008, and defendants filed a reply on February 19, 2008.  (Docs. 19, 20).

II.   Defendant's Motion to Dismiss for Failure to Exhaust

    A.    Exhaustion Requirement

1    Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with
2 respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner
3 confined in any jail, prison, or other correctional facility until such administrative remedies as are
4 available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available
5 administrative remedies prior to filing suit. Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney
6 v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief
7 sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S.
8 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life,
9 Porter v. Nussle, 435 U.S. 516, 532 (2002).

10    Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative
11 defense under which defendants have the burden of raising and proving the absence of exhaustion.
12 Jones, 127 S.Ct. at 921; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to
13 exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated
14 Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza
15 v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)).
16 In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look
17 beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the Court
18 concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is
19 dismissal without prejudice. Id.

20    B.    Discussion

21    The California Department of Corrections has an administrative grievance system for
22 prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1. The process is initiated by submitting a CDC
23 Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first
24 formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at
25 § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and
26 the process is initiated by submission of the appeal to the informal level, or in some circumstances,
27 the first formal level. Id. at §§ 3084.5, 3084.6(c).

28

Defendants argue they are entitled to dismissal of this action because plaintiff failed to exhaust his claim concerning his conditions of confinement prior to filing suit, and they are therefore entitled to dismissal of this action. Defendants note that plaintiff conceded in his complaint that he did not file an appeal or grievance prior to the commencement of this action. (Doc 1, p.2). Defendants contend that plaintiff did not file an appeal concerning the living conditions at Avenal State Prison until April 3, 2007, almost a year later. (Doc. 16, p.5:20-22).

In his opposition, plaintiff argues that defendants are not entitled to dismissal because he had exhausted prior to defendants being served with a copy of the summons and complaint (Doc. 19, p.9). Plaintiff contends that he exhausted three different appeals before defendants were served. Plaintiff further contends that other inmates have grieved the living conditions at Avenal State Prison, and that these appeals were exhausted prior to the commencement of plaintiff's action (Doc. 19, pp.3-5). Finally, plaintiff argues that defendants' motion was untimely and therefore should not be granted. (Doc. 19, p.9).

Plaintiff's contention that defendants are not entitled to dismissal because he exhausted prior to the summons and complaint being served upon defendants is without merit. "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones v. Bock, 127 S.Ct. 910, 917-18 (2007) (citing Porter v. Nussle, 435 U.S. 516, 524, 122 S.Ct. 983 (2002)). Exhaustion must occur prior to filing *suit*. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). In this instance, suit was filed on June 12, 2006. Plaintiff may not exhaust while the suit is pending. McKinney, 311 F.3d at 1199-1201. Further, plaintiff may not rely on grievances filed by other inmates to satisfy the exhaustion requirement. Plaintiff's argument that utilization of the process is futile, as evidenced by the other inmate's filings, does not excuse plaintiff's failure to file inmate appeals grieving the claims at issue prior to filing suit.

Finally, plaintiff's argument that defendants failed to timely file their motion, and therefore are not entitled to dismissal, is without merit. Defendants are required to respond to a complaint within 60 days, excluding Saturdays and Sundays, after the date a request for waiver of service of summons is sent. (Federal Rules of Civil Procedure, 12(a)(1)(B) and 6(a)). The request for waiver of

service was sent on November 11, 2007, and defendants' motion was filed on January 2, 2008. (Doc. 15, 16). Therefore, defendants' motion to dismiss was timely.

III.     Defendants' Additional Grounds for Dismissal

The court finds that plaintiff had not exhausted the available administrative remedies prior to filing suit, and that defendant is entitled to dismissal of the action on this ground. Based on the court's finding that plaintiff did not exhaust the available administrative remedies, the court does not reach defendant's other arguments. See Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 534 (7th Cir. 1999) (vacating judgment and remanding with instructions to dismiss for failure to exhaust in case where district court granted summary judgment to defendants on the merits and did not rule on their pending motion for dismissal based on failure to exhaust).

///

IV.     Conclusion

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss for failure to exhaust, filed January 2, 2008, be GRANTED; and

2. Plaintiff's claim against defendants be DISMISSED pursuant to 42 U.S.C. § 1997e(a), without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   March 24, 2008              /s/ Dennis L. Beck
                                     UNITED STATES MAGISTRATE JUDGE